## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>Tanisha S. Bolt,<br><br>    Debtor<br><br>Tanisha S. Bolt, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Navient Solutions, LLC and Navient Credit Finance Corporation,<br><br>    Defendants. | Chapter 7<br><br>Case No. 10-33290<br><br>Adv. Pro. No. _____<br><br>**<u>DISTRICTWIDE CLASS ACTION</u>** |

## **<u>COMPLAINT</u>**

Plaintiff Tanisha S. Bolt ("Bolt,"), on behalf of herself and all others similarly situated, by and through undersigned counsel, hereby files this Complaint against Defendants Navient Solutions, LLC ("Navient Solutions") and Navient Credit Finance Corporation ("NCFC," together with "Navient Solutions," "Defendants") upon personal knowledge as to those matters within her personal knowledge, and upon information and belief as to all other matters, as follows:

I.

**PRELIMINARY STATEMENT**

Not all loans made to students are non-dischargeable debts, including the educational loans at issue in this action. Defendants, with full knowledge of the scope and application of 11 U.S.C. § 523(a)(8), have exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. The loans at issue in this case are not excepted from discharge because they were obtained to pay for education at institutions that are not eligible under Title IV of the Higher Education Act. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a bankruptcy court's discharge order and the accompanying statutory injunction effected by the discharge order. Plaintiff brings this action to enforce her rights, and the rights of similarly situated persons who filed for bankruptcy in the District of Connecticut, to a fresh start under the Bankruptcy Code.

II.

**PARTIES**

1.     Bolt is an individual and a resident of this district who filed for relief under Chapter 7 of Title 11 of the United States Code in October 2010, and received a discharge order and the entry of the statutory injunction in February 2011. Her bankruptcy proceeding took place in the District of Connecticut.

2. The Class Members are similarly-situated individuals who filed for bankruptcy protection since 2005 in the District of Connecticut, with pre-petition educational loans originated and/or serviced by Defendants or their predecessors for education at institutions that are not recognized as eligible institutions under Title IV of the Higher Education Act and the Internal Revenue Code. These loans are fully dischargeable under § 523(a)(8) of the Bankruptcy Code. Nonetheless, the Class Members have been subject to attempts by Defendants to collect on such loans despite the loans having been discharged in bankruptcy.

3. Navient Solutions, LLC is a limited liability company organized and existing under the laws of the State of Delaware, that in the ordinary course of business regularly, on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt. Navient Solutions, LLC is authorized to do business in the State of Connecticut, and may be served through its registered agent Corporation Service Company, 50 Weston Street, Hartford, Connecticut 06120.

4. Navient Credit Finance Corporation is a business corporation organized and existing under the laws of the State of Delaware that in the ordinary course of business regularly, on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt. Upon information and belief, Navient Credit Finance Corporation is not authorized to do business in the State of Connecticut, but may be served through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

### III.

### JURISDICTION AND VENUE

5. This Adversary Proceeding is brought under Case Number 10-33290.

6. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b), 1332, and 1334(b). This is a core proceeding under Title 11 because it concerns determinations as to the dischargeability of debts.

7. This Adversary Proceeding is brought pursuant to 11 U.S.C §§ 105, 523(a)(8), and 524, and Federal Rule of Bankruptcy Procedure Rule 7001(9).

8. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1409 because Bolt and the Class Members reside in this district, she and the Class Members obtained their bankruptcy discharges in this district, and some of the conduct complained about occurred in this district.

## IV.

## STATEMENT OF FACTS

### A. Plaintiff's Background and Procedural History

9. Bolt took a computer training class at Connecticut Computer Services, Inc. in Plantsville, Connecticut in 2006.

10. On or around July 19, 2006, Bolt borrowed $5,000.00 from Sallie Mae Bank, one of Navient's predecessors-in-interest, to pay for the costs at Connecticut Computer Services, Inc. (the "2006 Navient Loan").

11. Connecticut Computer Services, Inc. was not and is not a Title IV-accredited institution under the Higher Education Act. It is an information technology company offering information technology services to its clients, that also offers computer training.

12. The 2006 Navient Loan was not made to a student attending an eligible institution and thus was not a qualified education loan under section 523(a)(8)(B), or otherwise protected as an educational loan or educational grant under section 523(a)(8). The 2006 Navient Loan was not

obtained for, or used for, education provided by an institution that was eligible under Title IV of the Higher Education Act.

13. On October 29, 2010, Bolt filed a petition for relief under Chapter 7 of Title 11 of the United States Code in this Court.

14. Bolt properly scheduled the 2006 Navient Loan on the Schedules to her Bankruptcy Petition.

15. On February 4, 2011, this Court entered a discharge order in Bolt's case.

16. Defendants received notice of the filing of Bolt's Bankruptcy Petition, and also received notice of the Bankruptcy Court's February 4, 2011 discharge order.

17. After Bolt's discharge order was granted, Defendants continued to collect on the 2006 Navient Loan.

### B. All Class Members Share A Similar Narrative.

18. All Class Members share a similar factual narrative.

19. All Class Members borrowed loans that were originated by Defendants, or had loans that were serviced and/or collected by Defendants.

20. All Class Members attended non-Title IV institutions as those institutions are defined by the Internal Revenue Code.

21. All Class Members filed for bankruptcy protection in the United States Bankruptcy Court for the District of Connecticut.

22. At the conclusion of their bankruptcy cases, all Class Members were issued Discharge Orders.

23. The statutory injunction effected by these Discharge Orders extinguished all education-related debt that was not excepted from discharge by 11 U.S.C. § 523(a)(8).

24. Notwithstanding the discharge of these debts, Defendants employed processes, practices, and acts designed to mislead Class Members into believing that their debts were not discharged and inducing them to make payments on extinguished debts.

25. Defendants have misled Class Members and sought to collect on discharged debts by use of dunning letters, emails, text messages, and telephone calls demanding repayment. In addition, to attempt to compel payment on these discharged debts, Defendants have continued to report these debts as delinquent to the major credit bureaus and have failed to update these credit reports.

26. Defendants have also commenced or continued legal actions against Class Members to induce payment on their discharged debts.

## V.

## CLASS ACTION ALLEGATIONS

27. Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure as adopted by Fed. R. Bankr. 7023, Bolt brings this action on behalf of herself and all other persons similarly situated in the District of Connecticut, as a representative of the following class:

Citizens of the various states who filed for bankruptcy in the United States Bankruptcy Court in the District of Connecticut and were issued Discharge Orders in this District since October 17, 2005 (the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act), who:

    a) Before filing for bankruptcy, obtained or were co-signers on private loans from Defendants or their predecessors-in-interest that were not made under any program funded by a non-profit institution, for expenses at institutions that were not eligible institutions as that term is defined in 11 U.S.C. § 523(a)(8)(B) and 26 U.S.C. § 221(d); and

    b) have never reaffirmed any pre-petition private loans; and

    c) have nonetheless been subjected to Defendants' policy of attempting to induce payment and/or Defendants' successful inducement of payment on these discharged private loans.

28. Plaintiff reserves the right to amend this class definition and/or add subclasses to include or exclude members of the class.

29. As described below, this action satisfies the numerosity, commonality, typicality, superiority, predominance, and adequacy of representation requirements of Rule 23 of the Federal Rules of Civil Procedure.

**A. <u>Numerosity</u>**

30. The persons in the class of Plaintiffs are so numerous that joinder of all members is impracticable. In the interest of judicial economy, this dispute should be resolved through the class action vehicle.

31. Upon information and belief, the number of Plaintiffs will likely exceed 100. The quantity, identity, and location of Class Members are ascertainable through appropriate discovery and may be identified by the records maintained and possessed by Defendants.

32. The Class Members have been through bankruptcy within the last fifteen years. Upon information and belief, the individual members of the class of Plaintiffs, or at least a large portion thereof, lack the means to pursue these claims individually and severally. Defendants have

relied on this to effectuate its scheme. In fact, academic research shows that 99.9% of debtors with student loans lack the means to pursue an adversary proceeding to contest non-dischargeability.

### B. Commonality

33. There are common questions of law and fact affecting the entirety of the class. Specifically, predominant common questions include without limitation: (i) whether the Class Members' loans were discharged at the conclusion of their bankruptcy cases; and (ii) whether Defendants violated the statutory injunction effected by the applicable Discharge Orders by seeking to collect on discharged private education debt.

34. Answers to these common questions will resolve the question of damages shared by each member of the class.

### C. Typicality

35. Bolt's claims against Defendants are typical and representative of those of all Class Members. Specifically, her loan is a debt for a loan for education, as with the other Class Members; she attended a non-Title IV institution, as with the other Class Members; and upon information and belief, is based upon loan documents that are substantially the same, if not identical, to the other Class Members' loan documents.

36. Bolt's experiences having been subjected to collection efforts are typical and representative of the class's. Defendants' actions involving Bolt are typical of the Defendants' actions involving the other Class Members.

37. Specifically, the 2006 Navient Loan at issue is a "career training" or "trade school" loan that Navient's predecessor issued to the Class Members. The terms of the loan that was issued to Bolt are substantially the same as the terms of the loans that were issued to the Class Members.

### D. Predominance and Superiority

38. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The questions include, but are not limited to:

   a) whether the Class Members' loans were discharged at the conclusion of their bankruptcy cases; and

   b) whether Defendants violated the statutory injunction effected by the applicable Discharge Orders by seeking to collect on discharged loans.

39. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, with respect to individual Class Members, which would establish inconsistent standards of conduct for Defendants, as well as, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

40. Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

41. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class Members may be obtained from Defendants' records.

E. **Adequacy of Representation**

42. Bolt will fairly and adequately represent and protect the interests of the members of the class of Plaintiffs. Bolt's interests are squarely aligned with those of individual members of the class. Plaintiffs' counsel, Fishman Haygood, LLP; Jones, Swanson, Huddell & Garrison, LLC; the Smith Law Group LLP; and Boies Schiller & Flexner LLP are experienced in class action lawsuits, complex commercial litigation, bankruptcy law and procedure, and student loan litigation.

**VI.**

**CLAIMS FOR RELIEF**

**Count One: Declaratory Judgment and Injunctive Relief**

43. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

44. Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that her and the other Class Members' loans are not non-dischargeable student loans or qualified education loans under section 523(a)(8), and were therefore discharged upon entry of their respective statutory injunctions effected by their Discharge Orders.

45. Plaintiff requests preliminary and permanent injunctive relief prohibiting Defendants from continuing to seek collection on her and other Class Members' discharged debts.

**Count Two: Violations of The Statutory Injunction Effected by the Discharge Orders**

46. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

47. Plaintiff's and other Class Members' loans were discharged pursuant to the statutory injunction effected by the Discharge Orders entered by the various courts because they were unsecured consumer loans and not non-dischargeable student loans under section 523(a)(8).

48. Defendants were notified of the Discharge Orders pursuant to Federal Rule of Bankruptcy Procedure 4004(g).

49. Defendants nonetheless sought to collect on these debts, either directly or indirectly, by use of dunning letters, emails, text messages, telephone calls, negative reports made to the major credit bureaus, failure to update these credit reports, and commencing or continuing legal action to recover the discharged debts in violation of 11 U.S.C § 524.

50. Plaintiffs request that Defendants be cited for contempt and ordered to pay compensatory and punitive damages in an amount to be determined at trial for the willful violations of the discharge injunctions and section 524 pursuant to 11 U.S.C § 105 and also request an award of attorneys' fees and costs.

**Count Three: Restitution**

51. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

52. Plaintiff and the Class Members are entitled to the restitution of all funds paid to Defendants or their agents after the subject loans were discharged in bankruptcy, together with applicable interest.

**Count Four: Contempt**

53. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

54. Plaintiff and the Class Members are entitled to a holding that Navient in is contempt of the Court because of its violation of the discharge orders entered in Plaintiff and the Class Members' bankruptcy cases.

## PRAYER

55. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

   a) Declaratory relief in the form of a judgment entered to the effect that Plaintiff's and the other Class Members' loans were discharged upon entry of the applicable statutory injunctions effected by the Discharge Orders;

   b) Injunctive relief prohibiting Defendants from continuing to collect on discharged debts;

   c) Compensatory and punitive damages and monetary sanctions for violations of the discharge order and statutory injunction;

   d) A finding that Navient is in contempt of the Court because of its violation of the Discharge Orders entered in the Plaintiff's and the Class Members' bankruptcy cases;

   e) Restitution and/or disgorgement of funds collected since the Plaintiff's and the other Class Members' bankruptcy Discharge Orders were entered;

   f) attorneys' fees and costs to the fullest extent permitted under the law;

   g) prepetition and post-judgment interest; and

   h) other such relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Peter N. Freiberg*

Peter N. Freiberg
Lynn E. Swanson (to be admitted *pro hac vice*)
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
pfreiberg@jonesswanson.com
lswanson@jonesswanson.com

Jason W. Burge (to be admitted *pro hac vice*)
Kathryn J. Johnson (to be admitted *pro hac vice*)
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com
kjohnson@fishmanhaygood.com

Austin Smith (to be admitted *pro hac vice*)
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
austin@acsmithlawgroup.com

George F. Caprinello (to be admitted *pro hac vice*)
Adam R. Shaw (to be admitted *pro hac vice*)
BOIES SCHILLER & FLEXNER, LLP
30 S. Pearl St., 11th Floor
Albany, New York 12207
(518) 434-0600
ashaw@bsfllp.com
gcarpinello@bsfllp.com

*Counsel for Plaintiff*