## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| Tanisha S. Bolt, | ) |
| | ) |
| Debtor | ) Case No. 10-33290 |
| | ) |
| | ) |
| Tanisha S. Bolt, on behalf of herself and all others similarly situated, | ) |
| | ) |
| | ) Adv. Pro. No. 20-03040 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Navient Solutions, LLC and Navient Credit Finance Corporation, | ) |
| | ) |
| Defendants. | ) **DISTRICTWIDE CLASS ACTION** |
| | ) |
| | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Navient Solutions, LLC ("Navient") and Navient Credit Finance Corporation (together, "Defendants"), through the undersigned counsel, hereby submit this memorandum of law in support of Defendants' *Motion for Summary Judgment* regarding the adversary proceeding Complaint filed by plaintiff Tanisha S. Bolt ("Ms. Bolt" or "Plaintiff"). In support, Defendants state as follows:

### PRELIMINARY STATEMENT

The central pillar of Plaintiff's claims against Defendants is her allegation that Defendants continued to collect upon a student loan issued in 2006 following Plaintiff's bankruptcy discharge in 2011. Undisputed evidence shows that this simply is not the case. Navient's account records

show that the loan at issue was placed into a bankruptcy forbearance promptly after Navient received notice of Plaintiff's Chapter 7 bankruptcy filing. Navient's account records also show that it did not make any collection efforts—whether in the form of billing statements, collection notices, collection calls, or otherwise—from November 5, 2010, when it received notice of Plaintiff's bankruptcy filing, and thereafter. Undisputed evidence also shows that Plaintiff's loan was subsequently written off following the bankruptcy forbearance period. In other words, Defendants did exactly what Plaintiff contends they should have done: Collection on Plaintiff's loan ceased upon receipt of notice of commencement of her bankruptcy case and then was written off following her bankruptcy discharge. For these reasons, Defendants are entitled to summary judgment.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1.    Ms. Bolt took a computer training class at Connecticut Computer Services, Inc. in Plantsville, Connecticut in 2006. Dkt. No. 1 at ¶ 9.

2.    On or around July 19, 2006, Ms. Bolt borrowed $5,000.00 from Sallie Mae Bank to pay for the cost to attend Connecticut Computer Services, Inc. (referred to herein as the "2006 Navient Loan"). *Id.* at ¶ 10. Navient serviced the 2006 Navient Loan.

3.    On October 29, 2010, Ms. Bolt filed a petition for relief under Chapter 7 of title 11 of the United States Code in this Court. *Id.* at ¶ 13.

4.    On February 4, 2011, this Court entered a discharge order in Ms. Bolt's case. *Id.* at 15.

5.    Ms. Bolt alleges that "[a]fter [her] discharge order was granted, Defendants continued to collect on the 2006 Navient Loan." *Id.* at ¶ 17. Defendants deny this allegation. *See* Defendants' Answer, Dkt. No. 12 at ¶ 17.

6.      Navient's account records show that it received notice of Ms. Bolt's bankruptcy filing on or about November 5, 2010.  *See* Declaration of John Zemetro filed contemporaneously herewith (the "Zemetro Declaration") at ¶ 4.

7.      Navient's account records show that, subsequent to such notice, Ms. Bolt's account was placed into a bankruptcy forbearance effective from October 8, 2010 until November 3, 2011. *Id.* at ¶ 5.  Under Navient's servicing procedures, all billing and collection activities cease during the period of bankruptcy forbearance.  *Id.* at ¶ 6.

8.      Navient's account records show that the last collection notice regarding the 2006 Navient Loan was generated on October 23, 2010, prior to Ms. Bolt's bankruptcy discharge, and that no other collection notices regarding the 2006 Navient Loan were generated after that date. *See id.* at ¶ 7.

9.      Navient's account records show that the last billing activity relating to the 2006 Navient Loan occurred on October 29, 2010, prior to Ms. Bolt's bankruptcy discharge, and that no other bills regarding the 2006 Navient Loan were generated after that date. *See id.* at ¶ 8.

10.      Navient's account records show that the remaining balance on the 2006 Navient Loan was written off on November 26, 2011.  *Id.* at ¶ 9.  Under Navient's servicing procedures, no further billing or collection activities occur on a loan subject to a write-off.  *Id.*

11.      Ms. Bolt testified that she had no recollection of any phone calls, letters, collection notices, collection agency notices, or any other communications specific to the 2006 Navient Loan following the receipt of her bankruptcy discharge.  *See* Ex. A to Declaration of Joseph Florczak filed contemporaneously herewith at 73:14-76:15.

3

12.    Ms. Bolt testified that she did not have in her possession any billing statements, collection statements, or other communications specific to the 2006 Navient Loan. *See id.* at 80:15-81:5.

**STANDARD OF REVIEW**

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the trial court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted); *see also Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S. Ct. 2658, 2677 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (internal quotations and citation omitted)). The role of the trial court is not to weigh the evidence and determine the truth of the matter, but rather to answer "the threshold inquiry of determining whether there is the need for a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *Transflo Terminal Servs., Inc. v. Brooklyn Res. Recovery, Inc.*, 248 F. Supp. 3d 397, 399 (E.D.N.Y. 2017).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation

omitted); *see also Hancock v. County of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve all ambiguities and draw all inferences against the moving party."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)); *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden [,]. . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769 (2007) (quoting *Matsushita Elec.*, 475 U.S. at 586–87), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (quotations and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted).

## ARGUMENT

There are no genuine disputes of material fact here. Plaintiff's core contention in this case is her allegation that Defendants continued to collect upon the 2006 Navient Loan after receipt of her bankruptcy discharge. "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." Collect, BLACKS LAW DICTIONARY (3d. ed.

1933) at 349. Undisputed evidence overwhelmingly shows that Navient did not collect on the 2006 Navient Loan following Plaintiff's bankruptcy discharge.

First, Navient's account records are unambiguous as to the status of servicing and collections with respect to the 2006 Navient Loan. Navient's records show that servicing activity, including issuance of billing statements, collection notices, and collection calls, ceased promptly following Navient's receipt of notice that Plaintiff had commenced a Chapter 7 bankruptcy case. Navient's records also show that no such collection activity occurred prior to Defendants' write-off of the entire balance of the 2006 Navient Loan following Plaintiff's bankruptcy discharge.

Further, Plaintiff's own deposition testimony is consistent with the above facts. In her deposition, Plaintiff testified that she could only recall receiving billing statements and collection calls regarding her student loans with Navient generally, and that she could not recall receiving any phone calls, letters, collection notices, collection agency notices, or any other communications specific to the 2006 Navient Loan following her bankruptcy discharge. She also testified that she did not have any billing statements or other documents showing any amounts owed on the 2006 Navient Loan after her 2011 discharge.

In sum, there is no evidence that Defendants made any collection efforts whatsoever on account of the 2006 Navient Loan following Plaintiff's bankruptcy discharge, and therefore Plaintiff is not entitled to any of the relief sought in this case.

### CONCLUSION

For the reasons set forth above, Defendants are entitled to summary judgment. Undisputed evidence shows that Defendants did not continue to collect on the 2006 Navient Loan following Plaintiff's discharge. The Court should therefore grant summary judgment in favor of Defendants on all the counts, along with such further relief as the Court deems just, necessary, and proper.

Dated: December 15, 2021

Respectfully Submitted,

By: */s/ Joseph A. Maker*
Joseph A. Maker (ct 09986)
Attorney at Law
1200 Summer Street
Suite 201B
Stamford, CT 06905
(203) 324-4129,
fax (203) 324-2381
jam126ct@gmail.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of December 2021, a true and

correct copy of the foregoing document was served via the Court's CM/ECF system, email, or

first class mail, postage pre-paid and properly addressed to:

Joseph A. Maker (ct 09986)
Attorney at Law
1200 Summer Street
Suite 201B
Stamford, CT 06905
(203) 324-4129, fac (203) 324-2381
jam126ct@gmail.com
Counsel for Defendants

Thomas M. Farrell
(to be admitted pro hac vice)
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
Telephone: (713) 571-9191
E-mail:tfarrell@mcguirewoods.com

K. Elizabeth Sieg
(to be admitted pro hac vice)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
E-mail: bsieg@mcguirewoods.com

U.S. Trustee
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Peter N. Freiberg
Lynn E. Swanson
(to be admitted pro hac vice)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
pfreiberg@jonesswanson.com
lswanson@jonesswanson.com

Jason W. Burge
(to be admitted pro hac vice)
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250
jburge@fishmanhaygood.com

George F. Carpinello
(to be admitted pro hac vice)
Adam R. Shaw
(to be admitted pro hac vice)
BOIES SCHILLER & FLEXNER, LLP
30 S. Pearl St., 11th Floor
Albany, New York 12207
(518) 434-0600
ashaw@bsfllp.com
gcarpinello@bsfllp.com

By: /s/ Joseph A. Maker
Joseph A. Maker (ct 09986)
Attorney at Law
1200 Summer Street
Suite 201B
Stamford, CT 06905
(203) 324-4129,
fax (203) 324-2381
jam126ct@gmail.com